IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Simon Blye, #301539, ) | |
| ) | C/A No. 2:07-1231-MBS-RSC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| Cecilia R. Reynolds, Warden of Kershaw ) | |
| Correctional Institution, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  Plaintiff Simon Blye is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and is currently housed at the Broad River Correctional Institution. Plaintiff, appearing *pro se*, brings the captioned action pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of conditions of his confinement at Kershaw Correctional Institution, where he was previously housed. This action came to the court originally in the form of a petition signed by fifty-one prisoners housed at the Kershaw Correctional Institution, which was separated into fifty-one separate civil actions pursuant to an order of the court filed May 2, 2007. On May 24, 2007, after the court issued an order requiring Plaintiff to bring the case into proper form, the Plaintiff filed an amended complaint. (Entry 6.) Plaintiff alleges that the staff of the Kershaw Correctional Institution committed mail fraud. (Amended Compl. at 4.)

  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996. The Magistrate Judge filed a Report and Recommendation on July 3, 2007. ("Report and Recommendation.") The Magistrate Judge found that it was clear on

the face of the amended complaint that Plaintiff did not file an inmate grievance form regarding the alleged mail fraud and as such, Plaintiff had not exhausted available administrative remedies. The Magistrate Judge therefore recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. (Report and Recommendation at 7.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

On July 12, 2007, Plaintiff filed objections to the Report and Recommendation. ("Plaintiff's Objections.") On July 23, 2007, Plaintiff filed a signed version of the last page of objections filed on July 12, 2007 and a copy of what appears to be a self-created grievance form dated July 11, 2007. It appears that prison staff responded to the grievance contained in Plaintiff's self-created grievance form on July 14, 2007. In his July 12, 2007 objections, Plaintiff asserts that he submitted a grievance on this matter and is currently waiting to receive a response. (See Plaintiff's Objections at 1, 3, 4.) Plaintiff concedes that he has not exhausted his administrative remedies, as he requests permission to "refile a claim after I have exhausted the grievance procedure and administrative remedies . . . ." (Plaintiff's Objections at 1; see Plaintiff's Objections at 4.) When a prisoner's failure to exhaust

administrative remedies is apparent from his complaint, dismissal without prejudice prior to service of process is appropriate. See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 681-83 (4th Cir. 2005). It is apparent from both Plaintiff's complaint and Plaintiff's objections to the Report and Recommendation that he failed to exhaust the available administrative remedies prior to filing this action. As such, this action should be dismissed without prejudice.

After thorough review of the Report and Recommendation, the Plaintiff's Objections, the record, and applicable law, the court concurs with the Magistrate Judge's Report and Recommendation and incorporates it by reference. Accordingly, Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

    s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
May 8, 2008.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**